UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
NOV 16 2009
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

PATRICK HAWKINS, #306199,

    Petitioner,

v.                                   CIVIL ACTION NO. 2:09cv144

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (c), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner, Patrick Hawkins ("Hawkins"), was convicted in the Circuit Court of the City of Newport News, Virginia, on August 8, 2001, of one (1) count of escape from custody, one (1) count of malicious cutting or stabbing, one (1) count of use of a knife in the commission of a felony, and one (1) count of abduction. Hawkins

was sentenced to a total of thirty eight (38) years in prison with thirteen (13) years suspended on November 9, 2001.[1]

Hawkins pleaded guilty to all of the charges against him. Hawkins did not directly appeal his convictions, and therefore, his convictions became final on December 9, 2001, thirty (30) days after the Circuit Court sentenced him. On September 19, 2008, Hawkins filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. The petition was denied on November 10, 2008.[2]

While in the custody of the Virginia Department of Corrections, Hawkins executed a petition for a writ of habeas corpus on March 13, 2009,[3] pursuant to 28 U.S.C. § 2254, which this Court conditionally

---

[1] Hawkins was sentenced to five (5) years of imprisonment for escape from custody; twenty (20) years of imprisonment for malicious stabbing or cutting with five (5) years suspended; five (5) years of imprisonment for use of a knife in the commission of a felony; and ten (10) years of imprisonment for abduction with eight (8) years suspended. The court allowed the two (2) year active imprisonment term for abduction to run concurrently with other sentences. Hawkins's sentence is reflected in the Circuit Court's sentencing orders and the transcript of Defendant's sentencing hearing. The transcript was generated on July 30, 2008, and it was not filed in the clerk's office of the trial court.

[2] The Supreme Court of Virginia denied the petition on the grounds that the petition was untimely under the state habeas corpus statute of limitations, Va. Code § 8.01-654(A)(2).

[3] The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004. As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions. Accordingly, the Court recognizes the prison mailbox rule for federal habeas petitions. In this case, Hawkins's petition was notarized on March 13, 2009; however, it was not postmarked until March 19, 2009. The Court assumes, without finding, that the petition was executed on

2

filed on April 1, 2009. Accompanying his petition, Hawkins filed a motion for leave to proceed in forma pauperis, which was denied on April 14, 2009. Subsequently, Hawkins paid the required $5.00 filing fee on April 23, 2009, and the Court ordered the petition filed on April 29, 2009. On May 28, 2009, Respondent filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting memorandum.

### B. Grounds Alleged

Hawkins asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(a) He was denied his Eighth Amendment protection against cruel and unusual punishment because the trial judge unreasonably sentenced the petitioner in excess of the sentencing guidelines;

(b) He was denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel at trial because his counsel failed to investigate the case, consult the client, and inform the client of his legal options;

(c) He was denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel at trial because his counsel failed to present any evidence or introduce any witnesses during the trial;

(d) He was denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel at trial because his counsel failed to inform the petitioner of his legal options, and advised the petitioner solely to enter the plea of guilty, and told the client that he could

---

March 13, 2009, the day it was notarized. Further, the Court considers the petition filed, for purposes of the statute of limitations, on that date.

           not appeal his guilty plea;

(e)     He was denied his Fifth Amendment protection against self-incrimination because his counsel failed to object to the lack of <u>Miranda</u> warnings and told the petitioner that the lack of <u>Miranda</u> warnings did not matter;

(f)     He was denied his right to procedural due process under the Fourteenth Amendment because the Petitioner did not understand the consequences of his plea at the time he entered the plea, and therefore the guilty plea was not voluntarily entered;

(g)     He was denied his right to procedural due process under the Fourteenth Amendment because the trial court accepted the guilty plea without a factual basis for the plea; and

(h)     He was denied his right to due process under the Sixth and Fourteenth Amendment because the trial judge was vindictive against men and sentenced them in excess of the guidelines, which amounts to a fundamental miscarriage of justice, and as a result of which she was removed from the bench.

### III. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

The Court need not address the merits of Hawkins's habeas corpus petition because the Court FINDS that the petition is barred by the statute of limitations.

#### A. <u>Statute of Limitations</u>

The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment

>became final by the conclusion of direct review
>or the expiration of the time for seeking such
>review . . . .

28 U.S.C. § 2244(d)(1)(A).

Ordinarily, Hawkins would have one (1) year from the date on which his conviction became final to file a petition for federal habeas corpus relief. <u>Allen v. Siebert</u>, 522 U.S. 3 (2007). Hawkins's conviction became final on December 9, 2001, which was thirty (30) days after final judgment was entered by the Circuit Court on November 9, 2001, and the date when Hawkins could no longer appeal his conviction. Therefore, absent any applicable tolling period, Hawkins had until December 9, 2002, to file his federal petition for a writ of habeas corpus. The instant federal petition was not executed until March 13, 2009, which was approximately six (6) years and three (3) months beyond the applicable limitations period.

### B. **Tolling Considerations**

A person in state custody may toll the running of the limitations period during the time in "which a properly filed application for State post-conviction or other collateral [proceeding] . . . is pending." 28 U.S.C. § 2244(d)(2). An application remains pending throughout the state review process, including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court. <u>Carey v. Saffold</u>, 536 U.S. 214, 219-21 (2002); <u>Rouse v. Lee</u>, 339 F.3d 238, 243-44 (4th Cir. 2003) (noting that a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-

court proceedings, "from initial filing [in the trial court] to final disposition by the highest state court" (quoting Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999))).

An application for state post-conviction review is not "properly filed" just because it is delivered to, or accepted by, the relevant court. Artuz v. Bennett, 531 U.S. 4, 8 (2000). Rather,

> an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Id. (citations omitted). Thus, an application that does not comply with the applicable rules, but that is nonetheless accepted by the clerk of a state court, is not a properly filed application; it is merely a "pending" application that does not toll the limitations period. Id. at 9 (stating that an application was not properly filed and the limitations period was not tolled where the required fee was not included with the filing). Accordingly, a petition that is dismissed by the state court as untimely is "not 'properly filed,' and . . . is not entitled to statutory tolling under § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). On the other hand, an application that complies with the rules governing filings, but contains claims that are procedurally barred, is still a properly filed application that tolls the statute of limitations. Artuz, 531 U.S. at 9.

Hawkins filed a state petition for a writ of habeas corpus in

6

the Supreme Court of Virginia on September 19, 2008. On November 10, 2008, the Supreme Court of Virginia dismissed the petition as untimely pursuant to Va. Code § 8.1-654(A)(2). Hawkins v. Dir. of Dep't Corr., No. 081889 (Va. Nov. 10, 2008). Therefore, Hawkins's state habeas petition was not properly filed and did not toll the statute of limitations.[4] See Pace, 544 U.S. at 417. Accordingly, Hawkins had until December 9, 2002, one year after his conviction became final, to file his federal petition for a writ of habeas corpus. Hawkins did not execute the instant petition until March 13, 2009, more than six (6) years and three (3) months after the federal statute of limitations expired.

Hawkins contends the limitations period on claim (h) should be tolled because he only recently discovered that Judge Askew, his sentencing judge, was not reappointed to the bench of the Circuit Court for the City of Newport News.[5] Under 28 U.S.C. §

---

[4] In any case, tolling the statute of limitations for the state habeas proceeding would not affect the disposition of the case, because those proceedings only lasted approximately two months.

[5] Hawkins also requests an evidentiary hearing on claim (h), which alleges that Judge Askew was vindictive against men and sentenced them in excess of the sentencing guidelines, thereby violating his due process rights. See Pet'r's Brief in Supp. Petition 7-1, 7-2. "[A] district court may grant an evidentiary hearing in a § 2254 case only where the petitioner has 'allege[d] additional facts that, if true, would entitle him to relief' and has 'establish[ed] one of the six factors set forth in Townsend v. Sain, 372 U.S. 293 (1963).'" Robinson v. Polk, 438 F.3d 350, 368 (4th Cir. 2006) (quoting Fullwood v. Lee, 290 F.3d 663, 681 (4th Cir. 2002)). In this case, Hawkins has not stated a colorable claim for relief. By statute, the Virginia sentencing guidelines are discretionary. See Va. Code § 17.1-805 (directing the Virginia Criminal Sentencing Commission to adopt "discretionary felony

2244(d)(1)(D), the one (1) year period of limitations may run from

---

sentencing guidelines"); Belcher v. Commonwealth, 435 S.E.2d 160, 161 (Va. App. 1993) (noting that "the [sentencing] guidelines are not binding on the trial judge"). The sentence imposed by a judge in a criminal case cannot be reviewed on appeal as long as it is within the statutory maximum, even if the sentence imposed exceeds the sentencing guidelines range. See Hunt v. Commonwealth, 488 S.E.2d 672, 677 (Va. App. 1997) (noting that a judge's failure to follow the sentencing guidelines is not reviewable on appeal); Hudson v. Commonwealth, 390 S.E.2d 509, 510 (Va. App. 1990) ("If the sentence is within the range set by the legislature, an appellate court will not interfere with the judgment."); Va. Code § 19.2-298.01(F) (stating that a failure to follow the discretionary sentencing guidelines or a failure to explain a departure from the guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief"). Therefore, a petitioner cannot state a colorable constitutional claim as long as the sentence imposed is within the maximum sentence prescribed by statute. See Apprendi v. New Jersey, 530 U.S. 466, 481 (2000) ("[N]othing . . . suggests that it is impermissible for judges to exercise discretion . . . in imposing a judgment *within the range* prescribed by statute.").

In this case, Hawkins was sentenced to five (5) years for escape from custody, which carries a mandatory minimum of one (1) year incarceration and a statutory range of one (1) to five (5) years incarceration, "or in the discretion of . . . the court . . . confinement in jail for not more than 12 months and a fine of not more than $2,500, either or both." Va. Code §§ 18.2-10(f), 53.1-203. He was sentenced to five (5) years for use of a knife in the commission of a felony, which carries a statutory range of one (1) to five (5) years incarceration, "or in the discretion of . . . the court . . . confinement in jail for not more than 12 months and a fine of not more than $2,500, either or both." Va. Code §§ 18.2-10(f), 18.2-53. He was sentenced to ten (10) years with eight (8) years suspended for abduction, which carries a statutory range of one (1) to ten (10) years incarceration, "or in the discretion of . . . the court . . . confinement in jail for not more than 12 months and a fine of not more than $2,500, either or both." Va. Code §§ 18.2-10(e), 18.2-47. Finally, Hawkins was sentenced to twenty (20) years with five (5) years suspended for malicious stabbing or cutting, which carries a statutory range of five (5) to twenty (20) years and a fine of not more than $100,000. Va. Code §§ 18.2-10(c), 18.2-51. In each case, Hawkins received a sentence within the statutory range, even though the sentence was the maximum provided for by statute. Because Hawkins's sentence was within the statutory maximum, he cannot state a colorable claim for relief and is not entitled to an evidentiary hearing.

"the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The limitations period "commences when the factual predicate 'could have been discovered,' not when it was actually discovered by a given prisoner." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000); see also Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003)(noting that the limitations period commences on the "date [the defendant] could have discovered through public sources that [the basis for his claim] occurred"). Petitioner's Exhibit D shows that the information regarding the decision of the Virginia General Assembly not to reappoint Judge Askew was available to the public on January 13, 2003. Despite the availability of the information, Petitioner did not file his state habeas corpus petition until September 19, 2008. Likewise, Petitioner did not execute his federal habeas corpus petition until March 13, 2009, over six (6) years after the information regarding Judge Askew was made public by the press. Therefore, using the later date-of-discovery, the limitations period began to run on January 13, 2003, and expired long before Hawkins filed his petition.

### C. <u>Equitable Tolling</u>

Equitable tolling of the limitations period is appropriate only when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

Defendant also "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Lawrence v. Florida, 549 U.S. 327, 336 (2007); Pace, 544 U.S. at 418. Furthermore, "any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000); Little v. United States, 184 F. Supp. 2d 489, 494 (E.D. Va. 2002)(quoting Harris with approval).

Hawkins argues that his petition should not be barred by the statute of limitations because he was not aware that he had the legal option to submit a petition for a writ of habeas corpus. This is not a sufficient ground for equitable tolling. Courts have consistently rejected arguments that a petitioner should be excused for his unfamiliarity with the legal system and his pro se status, because they are not extraordinary circumstances beyond his control. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(concluding that a pro se petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling); Cross-Bey v. Gammon, 322 F.3d 1012, 1015-16 (2003). Further, delays caused by seeking legal advice and related allegations of inadequate prison law libraries have consistently

been held not to constitute the "extraordinary circumstances" necessary to justify equitable tolling. <u>Bilodeau v. Angelone</u>, 39 F. Supp. 2d 652, 659 n.1 (E.D. Va. 1999) (noting that a petitioner's "decision to blindly seek legal assistance . . . do[es] not warrant application of the equitable tolling doctrine"); <u>Payne v. Rushton</u>, No. 2:04-23351-TLWRSC, 2006 WL 694744, at *5 (D.S.C. Mar. 17, 2006) (denying defendant's request for equitable tolling because the law library's failure to provide revised federal habeas filing deadlines did not "constitute 'extraordinary circumstances'").

Hawkins also maintains that because the information about Judge Askew's reappointment, which is the basis for claim (h), "just recently come [sic] to light I feel that thsi [sic] was and is an extinuating [sic] circumstance that should allow the courts to overide [sic] the time limitation on this petition as it happened to come to light so many years after I was convicted and sentenced by Judge Verbena M. Askew." Pet'r's Brief in Supp. Petition 7-2. Hawkins's conviction became final on December 9, 2001. Petitioner's Exhibit D indicates that the information about Judge Askew was publicly available on January 13, 2003. The Court already considered this delay by applying the tolling provision in 28 U.S.C. § 2241(d)(1)(D), which allows the limitations period to begin on the date that the factual predicate should have become known through the exercise of due diligence. However, Hawkins failed to file his petition until March 13, 2009, well beyond the one year limitations period. Hawkins provides no explanation for this delay that would

11

justify finding extraordinary circumstances and applying the doctrine of equitable tolling.

Accordingly, the Court FINDS that Hawkins is not entitled to equitable tolling[6] and that the instant petition is time-barred. Therefore, the Court recommends that the instant petition be DENIED.

## IV. RECOMMENDATION

For the foregoing reasons, the Court, having found that the instant petition was not timely filed and is barred by the statute of limitations, RECOMMENDS that Hawkins's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Hawkins's claims be DISMISSED WITH PREJUDICE.

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules

---

[6] The Respondent's brief states that the Petitioner appears to suggest a claim of actual innocence. However, the petition states: "I am not asking for release nor am I dening [sic] the guilt of these crimes." Petition 2-6. Therefore, it is unnecessary to analyze a claim of actual innocence.

12

of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ F. Bradford Stillman
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

November 16, 2009

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Patrick Hawkins, #306199
Greensville Correctional Center
901 Corrections Way
Jarratt, VA 23870
PRO SE

Virginia Bidwell Theisen
Office of the Attorney General
900 E Main St
Richmond, VA 23219
Counsel for Respondent

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

November 16, 2009